UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

LUIS CONTRERAS

No. 18 CR 510-2

Judge Thomas M. Durkin

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant LUIS CONTRERAS, and his attorney, JOSHUA HERMAN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The superseding information in this case charges defendant with use of a communication facility in committing a controlled substance offense, in violation of Title 21, United States Code, Section 843(b).

3. Defendant has read the charge against him contained in the superseding information, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the superseding information, which charges defendant with knowingly and

intentionally using a communication facility, namely, a cellular telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of Title 21, United States Code, Section 843(b).

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

On or about February 28, 2018, at approximately 12:57 p.m. (Session # 233), at Joliet, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant LUIS CONTRERAS did knowingly and intentionally use a communication facility, namely, a cellular telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of Title 21, United States Code, Section 843(b).

Specifically, beginning no later than February 11, 2018, and continuing until on or about March 1, 2018, CONTRERAS agreed with Caesar Estrada to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, 500 grams or more of cocaine. As part of this agreement,

CONTRERAS agreed to serve as a courier of cocaine from Estrada to Estrada's cocaine customer, William Nobles, and as a courier of narcotics proceeds from Nobles back to Estrada.

On or about February 28, 2018, CONTRERAS met Estrada at 7311 Kempton Street in Joliet, Illinois, and received a kilogram of cocaine from Estrada. Estrada directed CONTRERAS to deliver the kilogram to Nobles and bring money back to Estrada. At approximately 12:29 p.m., CONTRERAS drove to Nobles's residence at 809 Vine Street in Joliet with the kilogram of cocaine, and met Nobles in the rear parking lot. Nobles got inside CONTRERAS's car. CONTRERAS gave the kilogram of cocaine to Nobles, and received $14,500 in narcotics proceeds from Nobles. CONTRERAS then counted the money at home, and subsequently met Estrada and gave Estrada the money.

On February 28, 2018, at approximately 12:57 p.m. (Session # 233), CONTRERAS, who was using a cellular telephone with telephone number (815) 258-9218, had a telephone conversation with Estrada. On the call, they discussed the kilogram of cocaine that CONTRERAS had just delivered to Nobles on behalf of Estrada. Estrada stated, "Yeah, cause I misunderstood him, that he only wanted the half. But he's going to try to go ahead and move the other one. But if you want, call your guy, tell him that there's a half there, that he wanted available. If he's interested, it's there and if not, we'll just leave it, leave it there with dude." CONTRERAS acknowledges that he understood Estrada to mean that CONTRERAS

3

and Estrada had distributed an extra half-kilogram of cocaine to Nobles that Nobles did not want, and that Estrada directed CONTRERAS to contact a purported cocaine customer to see if that purported customer wanted to purchase the extra half-kilogram of cocaine. Later, CONTRERAS asked, "What do you get, what are you getting off of it? 15?," meaning that he was asking whether Estrada would receive $15,000 from the purported sale of the extra half-kilogram of cocaine. Estrada responded, "Yeah, yeah, yeah, and then you get the other," which CONTRERAS understood to mean that CONTRERAS would receive any additional amount from the sale of the cocaine.

CONTRERAS acknowledges that the amount of cocaine involved in the offense and relevant conduct was at least approximately one kilogram.

### Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 4 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than one year.

    b. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

    a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2018 Guidelines Manual.

5

b. **Offense Level Calculations.**

i. The Guideline applicable to the offense is Guideline § 2D1.1, and the base offense level is the offense level applicable to the underlying offense.

ii. The Guideline applicable to the underlying offense is Guideline § 2D1.1. The base offense level is 24, pursuant to Guideline §§ 2D1.1(a)(5) and (c)(8), because the quantity of cocaine involved in the offense and relevant conduct for which defendant is accountable is 1 kilogram, which is at least 500 grams but less than 2 kilograms.

iii. The offense level is decreased by 2 levels, pursuant to § 3B1.2(b), because defendant was a minor participant in any criminal activity.

iv. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

v. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting

the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

    vi.  Based on the evidence now known to the government, the parties agree, subject to the Court's approval, that Guideline § 5C1.2 is applicable, and the offense level shall be reduced by two levels, pursuant to Guideline § 2D1.1(b)(18).

  c.  **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 1 and defendant's criminal history category is I:

    i.  On or about November 2, 2009, defendant was convicted of possession of a controlled substance in the Circuit Court of Will County, Illinois and sentenced to 24 months' probation. Pursuant to § 4A1.1(c), defendant receives 1 criminal history point for this prior conviction.

  d.  **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 17 which, when combined with the anticipated criminal history category of I,

results in an anticipated advisory sentencing guidelines range of 24 to 30 months' imprisonment, in addition to any supervised release and fine the Court may impose.

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by

such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

14. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the indictment as to defendant.

## **Acknowledgments and Waivers Regarding Plea of Guilty**

## Nature of Agreement

15. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 18 CR 510-2.

16. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

17. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

   a. **Right to be charged by indictment**. Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

   b. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.

Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

      vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

      vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    c.    **Waiver of appellate and collateral rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any

collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

18. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

**Presentence Investigation Report/Post-Sentence Supervision**

19. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

20. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income

tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

21. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

22. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

23. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### Conclusion

24. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

25. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

27. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

28. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 8/15/19

_____
JOHN R. LAUSCH, JR. by C. Hotaling
United States Attorney

_____
DEVLIN N. SU
Assistant U.S. Attorney

_____
LUIS CONTRERAS
Defendant

_____
JOSHUA HERMAN
Attorney for Defendant